IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JASON J. HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO.   9:17-CV-23 |
| GREGG ABBOTT, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Jason J. Hernandez, an inmate confined at the Polunksy Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has requested certification of a class action.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff alleges he has been incarcerated in the Polunsky Unit SHU for an unconscionably long period of time without meaningful review of his placement in violation of the Eighth Amendment prohibition against cruel and unusual punishment.  Plaintiff seeks class certification.

Analysis

*Requirements for Certification of a Class*

The purpose of a class action is to conserve resources of both the courts and the parties by economically litigating issues that potentially affect every class member.  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982); *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468,

471 (1986). To further this goal, a member of a class may bring suit as a representative on behalf of the other members only if: (1) joinder of all members is impracticable because the class is so numerous; (2) there are common questions of law or fact; (3) the claims of the representative are typical of the claims of the class; and (4) the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a); *See also Jenkins*, 782 F.2d at 471.

In addition to proving each of the four requirements of Rule 23(a), the representative must also show the existence of one of three possible scenarios in order to maintain the action as a class action. FED. R. CIV. P. 23(b). First, a class action may be maintained if the prosecution of separate actions by the class members would create a risk of either inconsistent adjudications or adjudications that substantially impair the ability of the remaining class members to protect their interests. FED. R. CIV. P. 23(b)(1). The second situation where a class action may be maintained is where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). Finally, a class may be certified if questions of law or fact common to the members of the class predominate over questions affecting the individual members, and a class action is the superior method to fairly and efficiently adjudicate the controversy. FED. R. CIV. P. 23(b)(3).

The party seeking class certification bears the burden of proving each element required for certification. *M.D. v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012).

*Numerosity*

The court has wide discretion to determine numerosity and the practicality of joinder. *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir. 1975). Although the plaintiffs are not required to specify

the exact number of class members or to individually identify each member, the potential class members must be so numerous that joinder of each individual is impractical. FED. R. CIV. P. 23(a)(1). Smaller classes are more acceptable where the plaintiffs seek equitable relief on behalf of future class members in addition to past and present members. *Jones*, 519 F.2d at 1100.

Plaintiff asserts the potential class consists of 200 prisoners currently imprisoned at the Polunsky SHU. It would be impracticable to join each of these potential plaintiffs in one action. Thus, it appears the numerosity prong of Rule 23(a) is satisfied.

*Commonality*

The commonality and typicality requirements are similar in that both "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *General Telephone Co. Of Southwest*, 457 U.S. at 157 n. 13. The commonality requirement is not satisfied by merely demonstrating that the potential class members suffered a violation of the same law. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The claims of the potential class members must depend on a common contention, and the resolution of that common contention must be central to the validity of each member's claim. *Id.* A class action must be capable of generating common answers to common questions. *Id*.

It appears that plaintiff has satisfied the commonality prong of the analysis because he asserts that all 200 Polunsky SHU prisoners have been denied meaningful notice and review.

*Typicality*

Typicality focuses on the similarity of legal and remedial theories advanced by the plaintiffs. *Jenkins*, 782 F.2d at 472. Plaintiff appears to satisfy the typicality requirement.

*Adequacy*

A class representative must be able to adequately and fairly represent the class. FED. R. CIV. P. 23(a)(4). In the instant case, there is nothing to indicate that the interests of the named plaintiff are adverse to the interests of the remaining class members. However, as a *pro se* litigant, it is questionable whether the proposed class representative would adequately represent the interests of the other class members. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 162 (5th Cir. 1995).

*Conclusion*

Plaintiff does not meet each of the requirements necessary for class certification set forth in Rule 23(a). Accordingly, his request for class certification should be denied.

## Recommendation

The motion for class certification should be denied.

## Objections

Within fourteen days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and

recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 14th day of March, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE