UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

HERNANDEZ ET AL,
    PLAINTIFFS,

V.

ABBOTT ET AL,
    DEFENDANTS.

CAUSE NO: 9:17cv23

## OBJECTIONS TO THE PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

I, JASON J. HERNANDEZ, THE LEAD PLAINTIFF IN THE ABOVE CAUSE, RECEIVED REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE, ON MARCH 20, 2017, BY THE POLUNSKY UNIT MAILROOM. WITHIN FOURTEEN DAYS AFTER RECEIPT OF THE MAGISTRATE JUDGE's REPORT, PLAINTIFF FILED WRITTEN OBJECTIONS TO THE FINDINGS, CONCLUSIONS OF LAW AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE. 28 U.S.C. § 636(b)(1)(C).

### OBJECTIONS

1. ON OR ABOUT FEB. 10, 2017, PLAINTIFF IMPROPERLY FILED THE COMPLAINT FOR THE ABOVE-ENTITLED CAUSE IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS. HE WAS PROVIDED WITH "ORDER TO TRANSFER" (DATED FEB. 15, 2017), STATING, "...THE CLERK OF COURT IS ORDERED TO TRANSFER THIS CASE TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, LUFKIN DIVISION, AND TO "TERMINATE" ALL PENDING MOTIONS...."

2. THIS ORDER, SIGNED BY JUDGE SIM LAKE, ORDERS TO TERMINATE ALL PENDING MOTIONS. THE ONLY MOTIONS FILED BY PLAINTIFF WITH THE COMPLAINT WERE: (1) MOTION REQUESTING CLASS CERTIFICATION; AND, (2) MOTION REQUESTING THE APPOINTMENT OF COUNSEL.

3. PLAINTIFF OBJECTS TO JUDGE LAKEs' "TERMINATING" ALL PENDING MOTIONS IN (2) ABOVE. JUDGE LAKE SHOULD HAVE TRANSFERRED THE TWO PENDING MOTIONS, FILED WITH THE COMPLAINT, TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT, WHEN HE TRANSFERRED THE COMPLAINT TO THIS COURT.

PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's FAILURE TO FIND THAT THE PENDING MOTIONS SHOULD HAVE BEEN TRANSFERRED TO THIS COURT, AND NOT TERMINATED.

4. PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's FACTUAL BACKGROUND, SPECIFICALLY, "...PLAINTIFF ALLEGES HE HAS BEEN INCARCERATED IN THE POLUNSKY UNIT SHU FOR AN UNCONSCIONABLY LONG PERIOD OF TIME WITHOUT MEANINGFUL REVIEW OF HIS PLACEMENT IN VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT...PLAINTIFF SEEKS CLASS CERTIFICATION...." MAGISTRATE JUDGE REPORT (MAG. J. REP.) AT 1.

I ASSERT THAT "PLAINTIFF, THE NAMED PLAINTIFFS AND CLASS MEMBERS," ALLEGE THEY HAVE BEEN INCARCERATED IN THE POLUNSKY UNIT SHU FOR AN UNCONSCIONABLY LONG PERIOD OF TIME WITHOUT MEANINGFUL REVIEW OF THEIR PLACEMENT IN VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT. "PLAINTIFF, THE NAMED PLAINTIFFS AND CLASS MEMBERS," SEEK CLASS CERTIFICATION.

5. PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's COMMONALITY, SPECIFICALLY, "...HE ASSERTS ALL 200 POLUNSKY SHU PRISONERS HAVE BEEN DENIED MEANINGFUL NOTICE AND REVIEW...." MAG. J. REP. AT 3.

PLAINTIFF DOES ASSERT THAT ALL 200 POLUNSKY UNIT SHU PRISONERS HAVE BEEN DENIED MEANINGFUL NOTICE AND REVIEW, HOWEVER, FAIRLY CONSTRUED, THE COMPLAINT ALSO INCLUDES ALL SHU's GOVERNED BY TDCJ POLICIES AND PRACTICES

IN RELATION TO TDCJ's WAREHOUSING OF ALLEGED VALIDATED GANG-MEMBERS IN ITS UNITs' SHU's, AS ALSO BEING DENIED MEANINGFUL NOTICE AND REVIEW.

   6.   PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's CONCLUSION, SPECIFICALLY, "...PLAINTIFF DOES NOT MEET EACH OF THE REQUIREMENTS NECESSARY FOR CLASS CERTIFICATION SET FORTH IN RULE 23(a)...ACCORDINGLY, HIS REQUEST SHOULD BE DENIED...." MAG. J. REP. AT 4.

   I ASSERT THAT PLAINTIFF, THE NAMED PLAINTIFFS AND CLASS MEMBERS, MEET EACH OF THE REQUIREMENTS NECESSARY FOR CLASS CERTIFICATION SET FORTH IN RULE 23(a), EXCEPT FOR FED. R. CIV. P. 23(a)(4), "...AS A PRO SE LITIGANT IT IS QUESTIONABLE WHETHER THE PROPOSED CLASS REPRESENTATIVE WOULD ADEQUATELY REPRESENT THE INTERESTS OF THE OTHER CLASS MEMBERS...." HOWEVER, PLAINTIFF, ON BEHALF OF HIMSELF AS THE LEAD PLAINTIFF, AND, ON BEHALF OF THE NAMED PLAINTIFFS AND CLASS MEMBERS, HAS FILED A MOTION REQUESTING FOR THE APPOINTMENT OF COUNSEL, EXPLAINING TO THE COURT "EXCEPTIONAL CIRCUMSTANCES" IN THIS CASE WHICH WARRANT THE APPOINTMENT OF COUNSEL AND CERTIFICATION OF COUNSEL TO SERVE AS COUNSEL FOR THE CLASS; FURTHERMORE, PLAINTIFF HAS FILED A MOTION REQUESTING CLASS CERTIFICATION; AND LASTLY, PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's LACK IN FINDING , THAT THE COMPLAINT SATISFIES ONE OF THE REQUIREMENTS IN RULE 23(b).  IN THE INSTANT CASE, THE COMPLAINT CONTAINS SPECIFIC ASSERTIONS THAT "THE PARTY OPPOSING THE CLASS HAS ACTED OR REFUSED TO ACT ON GROUNDS THAT APPLY GENERALLY TO THE CLASS, SO THAT FINAL INJUNCTIVE RELIEF OR CORRESPONDING DECLARATORY RELIEF IS APPROPRIATE RESPECTING THE CLASS AS A WHOLE.  FED. R. CIV. P. 23(b)(2).

   7.   PLAINTIFF OBJECTS TO THE MAGISTRATE JUDGE's RECOMMENDATION,

SPECIFICALLY, "... THE MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED." MAG. J. REP. AT 4.

THE MAGISTRATE JUDGE's ADEQUACY, SPECIFICALLY FOUND: "AS A PRO SE LITIGANT, IT IS QUESTIONABLE WHETHER THE PROPOSED CLASS REPRESENTATIVE WOULD ADEQUATELY REPRESENT THE INTERESTS OF THE OTHER CLASS MEMBERS." Id. THIS IS AN EXCEPTIONAL CIRCUMSTANCE. THUS THE MAGISTRATE JUDGE SHOULD HAVE: (1) RECOMMENDED THAT THE COURT APPOINT COUNSEL; (2) RECOMMENDED THAT THE COURT CERTIFY APPOINTED COUNSEL TO SERVE AS CLASS COUNSEL; (3) RECOMMENDED THAT THE COURT GRANT THE PLAINTIFFS' REQUEST FOR CLASS CERTIFICATION FOR THE FOLLOWING: (a) THAT THE COURT CERTIFIES THE FOLLOWING DUE PROCESS CLASS UNDER RULE 23(b)(1) AND 23(b)(2): ALL INMATES WHO ARE ASSIGNED TO AN INDETERMINATE TERM AT THE POLUNSKY UNIT SHU ON THE BASIS OF GANG VALIDATION, UNDER THE POLICIES AND PROCEDURES AS OF FEBRUARY 10, 2017; (b) THAT THE COURT CERTIFIES THE FOLLOWING EIGHTH AMENDMENT CLASS UNDER RULES 23(b)(1) AND 23(b)(2): ALL INMATES WHO ARE NOW, OR WILL BE IN THE FUTURE, ASSIGNED TO THE POLUNSKY UNIT SHU FOR A PERIOD OF MORE THAN 5 CONTINUOUS YEARS; AND (c) THAT THE COURT CERTIFIES THE SIX NAMED PLAINTIFF's WHO ARE CURRENTLY HOUSED IN THE POLUNSKY UNIT's SHU TO SERVE AS CLASS REPRESENTATIVES AND CERTIFIES PLAINTIFFs' APPOINTED COUNSEL (AS LISTED IN (1) AND (2) ABOVE) TO SERVE AS CLASS COUNSEL.

## PRAYER FOR RELIEF

FOR ALL OF THE FOREGOING REASONS, THE PLAINTIFF REQUESTS THAT THE COURT FINDS THAT EXCEPTIONAL CIRCUMSTANCES EXIST FOR THE APPOINTMENT OF COUNSEL, AND IN DOING SO, APPOINT COUNSEL AND CERTIFY COUNSEL TO SERVE AS CLASS COUNSEL. THE PLAINTIFF FURTHER REQUESTS THAT THE COURT GRANT HIS REQUEST FOR CLASS CERTIFICATION, AND, CERTIFY THE SIX NAMED PLAINTIFF's WHO ARE CURRENTLY

HOUSED IN THE POLUNSKY UNIT's SHU TO SERVE AS CLASS REPRESENTATIVES.

RESPECTFULLY SUBMITTED,

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 22 DAY OF March, 20 17.

/s/ Jason J. Hernandez
JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

## CERTIFICATE OF SERVICE

PURSUANT TO 28 U.S.C. § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THE FOREGOING OBJECTIONS TO THE PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE, WAS MAILED TO: DAVID A. O'TOOLE, CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF TEXAS, LUFKIN, TEXAS 75901; AND TO: KEN PAXTON, ATTORNEY GENERAL OF TEXAS, P.O. BOX 12548, AUSTIN, TEXAS 78711-2548, BY REGULAR MAIL, POSTAGE PREPAID, ON MARCH 22, 2017.

SIGNED THIS 22 DAY OF March, 20 17.

/s/ Jason J. Hernandez
JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

Jason J. Hernandez
1655115
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

David A. O'toole, Clerk of Court
U.S. District Court
Eastern District of Texas
Cause No: 9:17cv23
104 North Third Street
Lufkin, Texas 75901

Legal