

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 3 0 2017
BY
DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| HERNANDEZ ET AL<br>PLAINTIFFS, | § § § | |
| V. | § | CAUSE NO: 9:17cv23 |
| ABBOTT ET AL,<br>DEFENDANTS. | § § § | |

## MOTION FOR CLASS CERTIFICATION

PLAINTIFFS, A GROUP OF PRISONERS HOUSED IN SOLITARY CONFINEMENT WITHIN TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) ALLAN B. POLUNSKY UNIT's (POLUNSKY) SECURITY HOUSING UNIT (SHU), MOVE FOR CLASS CERTIFICATION TO PURSUE CLAIMS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, FOR THE FOLLOWING REASONS:

1. PLAINTIFF JASON J. HERNANDEZ, AS THE DESIGNATED LEAD PLAINTIFF (SEE ATTACHMENT A n.1), ON BEHALF OF HIMSELF, THE NAMED PLAINTIFFS AND CLASS MEMBERS, AND OTHER SIMILARLY SITUATED PRISONERS HOUSED WITHIN THE POLUNSKY SHU, SEEK CERTIFICATION PURSUANT TO RULES 23(a), 23(b)(1), AND 23(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

2. PLAINTIFFS HAVE BEEN INCARCERATED IN POLUNSKY SHU FOR AN UNCONSCIONABLY LONG PERIOD OF TIME WITHOUT MEANINGFUL REVIEW OF THEIR PLACEMENT. PRISONERS HAVE BEEN ISOLATED AT POLUNSKY SHU FOR BETWEEN 3 AND 7 YEARS. ONE PLAINTIFF, BENITO ALONZO, WAS SENT TO POLUNSKY DIRECTLY FROM ANOTHER SHU, AND HAS SPENT 33 YEARS IN SOLITARY CONFINEMENT.

3. TDCJ CONFINES 4.4 PERCENT OF ITS PRISON POPULATION IN SOLITARY CONFINEMENT. TEXAS LOCKS MORE PEOPLE IN SOLITARY-CONFINEMENT CELLS THAN TWELVE STATES HOUSE IN THEIR ENTIRE PRISON SYSTEM. ON AVERAGE PRISONERS

REMAIN IN SOLITARY CONFINEMENT FOR ALMOST FOUR YEARS; OVER ONE HUNDRED TEXAS TEXAS PRISONERS HAVE SPENT OVER 20 YEARS IN SOLITARY CONFINEMENT. SEE A SOLITARY FAILURE: THE WASTE, COST, AND HARM OF SOLITARY CONFINEMENT IN TEXAS, FEB. 2015, ACLU OF TEXAS & TEXAS CIVIL RIGHTS PROJECT, AT 2. AS ONE U.S. SUPREME COURT JUSTICE NOTED, "BUT RESEARCH STILL CONFIRMS WHAT THIS COURT SUGGESTED OVER A CENTURY AGO: YEARS ON END OF NEAR-TOTAL ISOLATION EXACTS A TERRIBLE PRICE." SEE KENNEDY, J., CONCURRING, DAVIS V. ALASKA, 576 U.S. ___ (2015) AT 4.

4. TEXAS's UNIQUELY HARSH REGIME OF PROLONGED SOLITARY CONFINEMENT AT POLUNSKY IS INHUMANE AND DEBILITATING. PRISONERS LANGUISH, ALONE, IN A CRAMPED, CONCRETE CELL, WITH A SMALL WINDOW THAT'S ONLY 3 INCHES VERTICALLY BY 4 FEET HORIZONTALLY, AND WHICH SITS ACROSS THE TOP BACK WALL OF THE CELL 3 INCHES TO THE CEILING, FOR 22 AND ONE-HALF TO 24 HOURS A DAY. THEY ARE DENIED TELEPHONE CALLS, CONTACT VISITS, AND VOCATIONAL, RECREATIONAL OR EDUCATIONAL PROGRAMMING. TDCJ PERSISTANTLY DENIES THESE MEN THE NORMAL CONTACT NECESSARY FOR A PERSON's MENTAL AND PHYSICAL WELL-BEING. THESE TORMENTING AND PROLONGED CONDITIONS OF CONFINEMENT HAVE PRODUCED HARMFUL AND PREDICTABLE PSYCHOLOGICAL DETERIORATION AMONG PRISONERS.

5. THE SOLITARY CONFINEMENT REGIME AT POLUNSKY WHICH RENDERS TEXAS AN OUTLIER IN THIS WORLD AND IN THE CIVILIZED WORLD, VIOLATES THE UNITED STATES CONSTITUTION's REQUIREMENT OF DUE PROCESS AND PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT, AS WELL AS THE MOST BASIC HUMAN RIGHTS PROHIBITIONS AGAINST CRUEL, INHUMAN OR DEGRADING TREATMENT. INDEED, THE PROLONGED CONDITIONS OF BRUTAL CONFINEMENT AND ISOLATION AT POLUNSKY CROSS OVER FROM HAVING PENOLOGICAL PURPOSE INTO A SYSTEM RIGHTLY CONDEMNED AS TORTURE BY THE

INTERNATIONAL COMMUNITY.

6. THE CONDITIONS AT POLUNSKY HAVE BECOME SO HARSH AND NOTORIOUS THAT PRISONERS AT THE POLUNSKY SHU, AS WELL AS OTHERS SIMILARLY INCARCERATED ACROSS THE COUNTRY AT CALIFORNIA's PELICAN BAY STATE PRISON's SHU, HAVE ENGAGED IN CLASS-ACTION SUITS.

7. TDCJ AUTOMATICALLY HOUSES PEOPLE IN SOLITARY CONFINEMENT ON THE GROUNDS THAT THEY "ASSOCIATE OR AFFILIATE" WITH A GANG (TDCJ SECURITY THREAT GROUP PLAN, 5-6, JAN. 2012). ONCE PEOPLE ARE CONFINED TO SOLITARY CONFINEMENT FOR GANG AFFILIATION, THESE PRISONERS CAN ONLY GET OUT OF SOLITARY CONFINEMENT BY PARTICIPATING IN THE GANG RENOUNCEMENT AND DISASSOCIATION PROCESS (GRAD). IN REALITY THEIR SO-CALLED GANG VALIDATION AND RETENTION DECISIONS (AND RESULTING INDEFINITE SHU PLACEMENT) ARE MADE WITHOUT CONSIDERING WHETHER PRISONERS HAVE EVER UNDERTAKEN AN ILLEGAL ACT ON BEHALF OF A GANG, OR WHETHER THEY ARE – OR EVER WERE – ACTUALLY INVOLVED IN GANG ACTIVITY. AS ONE EXAMPLE, TDCJ CONTINUES TO DETAIN PLAINTIFF PEDRO HERNANDEZ IN THE POLUNSKY SHU SINCE 2010, BASED ON NOTHING MORE THAN THE WORD OF ANOTHER UNKNOWN PRISONER ALLEGING TO PRISON ADMINISTRATORS THAT PEDRO HERNANDEZ IS A GANG MEMBER.

8. PRISONERS' ONLY WAY OUT OF ISOLATION IS TO "DEBRIEF" TO PRISON ADMINISTRATORS (I.E., REPORT ON THE GANG ACTIVITY OF OTHER PRISONERS); AS SUCH, TDCJ's UNREASONABLY CONDITION RELEASE FROM INHUMANE CONDITIONS ON COOPERATION WITH PRISON OFFICIALS IN A MANNER THAT PLACES PRISONERS AND THEIR FAMILIES IN SIGNIFICANT DANGER OF RETALIATION. SEE GRIFFIN V. GOMEZ, NO. C-98-21038, SLIP OP. AT 8 (N.D. CAL. JUNE 28, 2006). ACCORDINGLY, FOR THOSE MANY PRISONERS WHO REFUSE OR ARE UNABLE TO DEBRIEF, TDCJ's POLICIES RESLULT IN "EFFECTIVELY PERMANENT" SOLITARY CONFINEMENT. Id.

9. THE CONDITIONS AT THE POLUNSKY SHU ARE EXTREMELY HARSH WHEN COMPARED TO THE EXPERIENCE OF A TYPICAL TEXAS STATE PRISONER, PARTICULARLY GIVEN THE EXTRAORDINARY LENGTH OF SHU CONFINEMENT AT POLUNSKY. YET PRISONERS ARE INCARCERATED FOR YEARS WITHOUT ANY MEANINGFUL REVIEW OF THEIR SHU CONFINEMENT OR ANY NOTICE OF HOW THEY CAN EARN THEIR WAY BACK TO THE GENERAL POPULATION WITHOUT BECOMING INFORMANTS.

10. A FEW YEARS AFTER CALIFORNIA'S PELICAN BAY STATE PRISON OPENED ITS DOORS IN DECEMBER 1989, A CLASS OF PELICAN BAY PRISONERS BROUGHT A CONSTITUTIONAL CHALLENGE TO THE CONDITIONS, PRACTICES, AND ABUSE AT THE FACILITY. AFTER AN EXTENSIVE TRIAL, THE COURT FOUND THAT, FOR A SUBCLASS OF PRISONERS AT HIGH RISK FOR DEVELOPING MENTAL ILLNESS, THE ISOLATION AND HARSH CONDITIONS IN THE PELICAN BAY SHU CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT. SEE MADRID V. GOMEZ, 889 F. SUPP. 1146, 1265 (N.D. CAL. 1995). ALTHOUGH THE COURT REJECTED EIGHTH AMENDMENT CLAIMS BROUGHT BY PRISONERS OUTSIDE THIS HIGH RISK GROUP, IT EMPHASIZED THAT IT HAD ONLY CONSIDERED ISOLATION UP TO THREE YEARS. THE COURT COULD "NOT EVEN BEGIN TO SPECULATE ON THE IMPACT THAT PELICAN BAY SHU CONDITIONS MAY HAVE ON INMATES CONFINED IN THE SHU FOR PERIOD OF 10 OR 20 YEARS OR MORE [.]" Id. AT 1267. THIS CASE PRESENTS THE SUBSTANTIAL QUESTION LEFT UNANSWERED BY MADRID.

11. PLAINTIFFS, SEEK A DECLARATION THAT THE ONGIONG PRACTICES OF TDCJ AND ITS OFFICIALS--- VIOLATE THEIR CONSTITUTIONAL RIGHTS, AND INJUNCTIVE RELIEF COMPELLTING THEM TO PROVIDE PRISONERS AT POLUNSKY WITH WITH MEANINGFUL REVIEW OF THEIR INTERMEDIATE SHU ASSIGNMENT AND TO CEASE HOLDING PRISONERS IN THE INHUMANE CONDITIONS OF SOLITARY CONFINEMENT FOR EXTREMELY PROLONGED PERIODS.

**RELIEF REQUESTED**

PLAINTIFFS AND THE CLASS THEY REPRESENT HAVE NO ADEQUATE REMEDY AT LAW TO REDRESS THE WRONGS SUFFERED AS SET FORTH IN THEIR CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 IN THE ABOVE CAUSE (DOCKET ENTRY NO. 1) CONCERNING THE CONDITIONS OF CONFINEMENT AT THE POLUNSKY UNIT. PLAINTIFFS HAVE SUFFERED AND WILL CONTINUE TO SUFFER IRREPARABLE INJURY AS A RESLULT OF THE UNLAWFUL ACTS, OMISSIONS, POLICIES, AND PRACTICES OF TDCJ AND ITS OFFICIALS, AS ALLEGED HEREIN, UNLESS PRISONERS AND THE CLASS THEY REPRESENT ARE GRANTED THE RELIEF THEY REQUEST. THE NEED FOR RELIEF IS CRITICAL BECAUSE THE RIGHTS AT ISSUE ARE PARAMOUNT UNDER THE UNITED STATES CONSTITUTION.

WHEREFORE, THE NAMED PLAINTIFFS AND THE CLASS THEY REPRESENT REQUEST THAT THIS COURT GRANT THEM THE FOLLOWING RELIEF:

a. DECLARE THAT SHIS SUIT IS MAINTAINABLE AS A CLASS ACTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 23(a) AND 23(b)(1) AND (2);

b. THAT THE COURT CERTIFIES THE FOLLOWING DUE PROCESS CLASS UNDER RULES 23(b)(1) AND 23(b)(2): ALL INMATES WHO ARE ASSIGNED TO AN INDETERMINATE TERM AT THE POLUNSKY SHU ON THE BASIS OF GANG VALIDATION, UNDER THE POLICIES AND PROCEDURES IN PLACE AS OF FEBRUARY 10, 2017.

c. THAT THE COURT CERTIFIES THE FOLLOWING EIGHTH AMENDMENT CLASS UNDER UNDER RULES 23(b)(1) AND 23(b)(2): ALL INMATES WHO ARE NOW, OR WILL BE IN THE FUTURE, ASSIGNED TO THE POLUNSKY SHU FOR A PERIOD OF MORE THAN 5 CONTINUOUS YEARS; AND

d. THAT THE COURT CERTIFIES THE SIX NAMED PLAINTIFFS WHO ARE CURRENTLY HOUSED IN THE POLUNSKY SHU TO SERVE AS CLASS REPRESENTATIVES, APPOINTS PLAINTIFFS COUNSEL AND CERTIFIES PLAINTIFFs' APPOINTED COUNSEL TO SERVE

AS CLASS COUNSEL.

DATED: MARCH 22, 2017

RESPECTFULLY SUBMITTED,

*/s/ Jason J. Hernandez*

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

## CERTIFICATE OF SERVICE

PURSUANT TO 28 U.S.C. § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION FOR CLASS CERTIFICATION WAS MAILED TO: DAVID A. O'TOOLE, CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF TEXAS, LUFKIN, TEXAS 75901; AND TO: KEN PAXTON, ATTORNEY GENERAL OF TEXAS, OFFICE OF ATTORNEY GENERAL OF TEXAS, P.O. BOX 12548, AUSTIN, TEXAS 78711-2548, BY REGULAR MAIL, POSTAGE PREPAID, ON MARCH 22, 2017.

SIGNED THIS 22 DAY OF March, 20 17.

/s/ *Jason J. Hernandez*

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

ATTACHMENT A

United States District Court
Southern District of Texas
**ENTERED**
February 15, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON J. HERNANDEZ, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-0443 |
| GOVERNOR GREG ABBOTT, et al., | § § | |
| Defendants. | § | |

### ORDER TO TRANSFER

Plaintiff Jason J. Hernandez (TDCJ #1655115) is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Hernandez has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning the conditions of confinement at the Polunsky Unit.[1] Hernandez has paid the filing fee, and he seeks class certification on behalf of several named plaintiffs and other similarly situated inmates assigned to administrative segregation at the Polunsky Unit facility where Hernandez is confined. All or a substantial part of the events giving rise to the asserted claims occurred at the Polunsky Unit, which is in Polk County, Texas. Because Polk County is located in the United States District Court for the Eastern District of Texas, Lufkin Division, the Complaint

---

[1] Hernandez is designated as the lead plaintiff because he is the only inmate who has signed the Complaint. See Complaint, Docket Entry No. 1, pp. 5, 70-71.

was not properly filed in Houston. See 28 U.S.C. § 1391(b); Mayfield v. Klevenhagen, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. See 28 U.S.C. § 1404(a). In particular, § 1404 authorizes a transfer based on considerations of convenience:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a). A district court has "'broad discretion in deciding whether to order a transfer.'" Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1998). In the interest of justice and for the convenience of the parties and witnesses, the court concludes that the Complaint should be transferred pursuant to § 1404(a) to the Eastern District, Lufkin Division, where the claims arose and the plaintiff and potential class members are located.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Eastern District of Texas, Lufkin Division, and to **TERMINATE** all pending motions.

The Clerk will provide a copy of this Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 15th day of February, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

MARCH 22, 2017

DAVID A. O'TOOLE, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
104 NORTH THIRD STREET
LUFKIN, TEXAS 75901

RE:   Hernandez et al v. Abbott et al, Cause No: 9:17cv23

DEAR MR. O'TOOLE:

ENCLOSED PLEASE FIND THE FOLLOWING DOCUMENTS FOR THE ABOVE-ENTITLED CASE:

(1) OBJECTIONS TO THE PROPOSED FINDINGS OF FACTS, CONCLUSIONS OF LAW AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE;

(2) MOTION FOR CLASS CERTIFICATION; AND

(3) DECLARATION IN SUPPORT OF MOTION FOR CLASS CERTIFICATION.

PLEASE FILE THESE DOCUMENTS WITH THE COURT. THANK YOU, SIR.

RESPECTFULLY SUBMITTED,

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351