UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS



| | |
|---|---|
| HERNANDEZ ET AL, <br> PLAINTIFFS, <br><br> V. <br><br> ABBOTT ET AL, <br> DEFENDANTS. | CAUSE NO: 9:17cv23 |

## DECLARATION IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

JASON J. HERNANDEZ STATES:

1.   I AM THE DESIGNATED LEAD PLAINTIFF IN THE ABOVE-ENTITLED CASE. I MAKE THIS DECLARATION IN SUPPORT OF PLAINTIFFs' MOTION FOR CLASS CERTIFICATION.

2.   THE NAMED PLAINTIFFS AND CLASS MEMBERS BRING THIS ACTION ON THEIR OWN BEHALF AND, PURSUANT TO RULES 23(a), 23(b)(1), AND 23(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE, ON BEHALF OF ALL PRISONERS SERVING INTERMEDIATE SHU SENTENCES AT THE POLUNSKY SHU ON THE BASIS OF GANG VALIDATION, NONE OF WHOM HAVE BEEN OR WILL BE AFFORDED MEANINGFUL REVIEW OF THEIR CONFINEMENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

3.   PLAINTIFFS ALSO BRING THIS ACTION ON BEHALF OF A SUBCLASS OF POLUNSKY PRISONERS WHO ARE NOW, OR WILL BE IN THE FUTURE, IMPRISONED BY DEFENDANTS AT THE POLUNSKY SHU UNDER THE CONDITIONS AND PURSUANT TO THE POLICIES DESCRIBED HEREIN FOR LONGER THAN 5 CONTINUOUS YEARS. SUCH IMPRISONMENT CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT WITHIN THE MEANING OF THE EIGHTH AMENDMENT.

4.   THE CLASS IS SO NUMEROUS THAT JOINDER OF ALL MEMBERS IS IMPRACTIBLE. FED R. CIV. P. 23(a)(1). AS OF ON OR ABOUT FEBRUARY 2015,

THERE WERE APPROXIMATELY 200 PRISONERS IMPRISONED AT THE POLUNSKY SHU. UPON INFORMATION AND BELIEF, ALL OF THESE PRISONERS HAVE BEEN DENIED MEANINGFUL NOTICE AND REVIEW, AND THUS FIT THE CLASS DEFINITION. OF THOSE PRISONERS, OVER 100, OR APPROXIMATELY HALF HAVE BEEN IMPRISONED FOR OVER 5 YEARS IN THE POLUNSKY SHU (OR OTHER SHU's IN TDCJ), WHERE THEY HAVE BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT. THESE 100 COMPRISE THE EIGHTH AMENDMENT SUBCLASS. SEE <u>A SOLLITARY FAILURE: THE WASTE, COST, AND HARM OF SOLITARY CONFINEMENT IN TEXAS</u>, FEB. 2015, ACLU OF TEXAS & TEXAS CIVIL RIGHTS PROJECT, AT 19.

    5.    THE CLASS MEMBERS ARE IDENTIFIABLE USING RECORDS MAINTAINED IN THE ORDINARY COURSE OF BUSINESS BY TDCJ.

    6.    ALL MEMBERS OF THE EIGHTH AMENDMENT SUBCLASS ARE SUFFERING THE DEPRIVATION OF AT LEAST ONE BASIC HUMAN NEED DUE TO THEIR PROLONGED CONFINEMENT IN THE SHU, INCLUDING MENTAL AND PHYSICAL HEALTH, PHYSICAL EXERCISE, SLEEP, NUTRITION, NORMAL HUMAN CONTACT, MEANINGFUL ACTIVITY, AND ENVIRONMENTAL STIMULATION. IN ADDITION, ALL CLASS MEMBERS ARE SUFFERING SIGNIFICANT MENTAL AND PHYSICAL HARM. WHILE THE EXACT NATURE OF THOSE HARMS MAY DIFFER IN SOME RESPECTS FOR EACH PRISONER, THE SOURCE OF THE HARM COMPLAINED OF HERE IS THE SAME--- NAMELY, DEFENDANTs' POLICIES AND PRACTICES IN PLACING THE CLASS OF PRISONERS FOR A LENGTHY PERIOD OF TIME IN CONDITIONS OF CONFINEMENT SHOWN TO CAUSE SERIOUS MENTAL AND PHYSICAL HARM.

    7.    IN ADDITION, ALL PRISONERS PLACED IN THE CONDITIONS AT THE POLUNSKY SHU FACE A COMMON RISK OF SUFFERING EVEN MORE SERIOUS MENTAL HARM CAUSED BY THEIR RETENTION IN THE SHU FOR SUCH A LENGTHY PERIOD OF TIME.

    8.    THERE ARE QUESTIONS OF LAW AND FACT COMMON TO THE MEMBERS OF THE CLASS. THOSE QUESTIONS INCLUDE, BUT ARE NOT LIMITED TO:

(a) WHETHER PROLONGED CONFINEMENT IN THE SHU FOR OVER 5 YEARS UNDER THE CONDITIONS AND POLICIES MAINTAINED BY THE DEFENDANTS OBJECTIVELY CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT PROHIBITED BY THE EIGHTH AMENDMENT.

(b) WHETHER DEFENDANTS HAVE BEEN DELIBERATELY INDIFFERENT TO THE MENTAL AND PHYSICAL SUFFERING INCURRED BY THE PLAINTIFF CLASS.

(c) WHETHER INCARCERATION UNDER THE CONDITIONS AND POLICIES IMPOSED BY THE DEFENDANTS RESULTS IN CONSTITUTIONALLY UNACCEPTABLE RISK OF HARM.

(d) WHETHER A LEGITIMATE PENOLOGICAL REASON EXISTS FOR DEFENDANTS TO INCARCERATE PRISONERS FOR THE ENTIRE DURATION OF THEIR SENTENCES [YEARS OR DECADES] IN THE CONDITIONS DESCRIBED HEREIN SIMPLY BECAUSE THEY ARE MEMBERS OR ASSOCIATES OF A GANG, WITHOUT DEMONSTRATING THAT THEY ARE CURRENTLY ENGAGED OR HAVE BEEN RECENTLY ENGAGED IN SOME ILLEGAL OR WRONGFUL GANG-RELATED MISCONDUCT.

(e) WHETHER THE CONDITIONS AT THE POLUNSKY SHU AND THE POLICIES IMPOSED BY DEFENDANTS ON ALL PRISONERS HOUSED IN THE SHU CONSTITUTES AN ATYPICAL AND SIGNIFICANT HARDSHIP COMPARED TO THE ORDINARY INCIDENTS OF PRISON LIFE.

(f) WHETHER SHU CONFINEMENT EXTENDS THE DURATION OF INCARCERATION BECAUSE OF A DE FACTO POLICY DENYING PAROLE TO SHU PRISONERS.

(g) WHETHER DEFENDANTS DENY PRISONERS INCARCERATED IN THE SHU MEANINGFUL, PERIODIC REVIEW OF THEIR CONFINEMENT AS REQUIRED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BY: (1)

      FAILING TO PROVIDE THEM WITH NOTICE OF WHAT THEY CAN DO TO GET RELEASED FROM THE SHU APART FROM RISKING THEIR LIVES AND SAFETY AND THAT OF THEIR FAMILIES BY DEBRIEFING (I.E., WITHOUT HAVING TO PARTICIPATE IN GRAD --- WHICH REQUIRES DEBRIEFING); AND (2) MAKING A PREDETERMINATION THAT MANY PRISONERS WILL STAY IN THE SHU UNTIL THEY DIE OR DEBRIEF, THUS RENDERING THE PERIODIC REVIEWS MEANINGLESS.

(h) WHETHER DEFENDANTS FAIL TO PROVIDE TIMELY MEANINGFUL REVIEW OF PRISONERs' IMPRISONMENT IN THE SHU BY ENGAGING IN 12 MONTH REVIEWS THAT DO NOT SUBSTANTIVELY REVIEW WHETHER THE THE PRISONER SHOULD BE RETAINED IN THE SHU AND THEREFORE ARE MEANINGLESS.

9. DEFENDANTS ARE EXPECTED TO RAISE COMMON DEFENSES TO THESE CLAIMS, INCLUDING DENYING THAT THEIR POLICIES AND PRACTICES VIOLATE THE CONSTITUTION.

10. THE CLAIMS OF THE PLAINTIFFS ARE TYPICAL OF THOSE OF THE PLAINTIFF CLASS, AS THEIR CLAIMS ARISE FROM THE SAME POLICIES, PRACTICES, COURSES OF CONDUCT, AND CONDITIONS OF CONFINEMENT, AND THEIR CLAIMS ARE BASED ON THE SAME LEGAL THEORIES AS THE CLASS' CLAIMS. THE CAUSE OF THE NAMED PLAINTIFFs' INJURIES IS THE SAME AS THE CAUSE OF THE INJURIES SUFFERED BY THE REST OF THE CLASS, NAMELY DEFENDANTs' POLICIES AND PRACTICES.

11. PLAINTIFFS ARE CAPABLE OF FAIRLY AND ADEQUATELY PROTECTING THE INTERESTS OF THE PLAINTIFF CLASS BECAUSE PLAINTIFFS DO NOT HAVE ANY INTERESTS ANTAGONOSTIC TO THE CLASS. PLAINTIFFS, AS WELL AS CLASS MEMBERS, SEEK TO ENJOIN THE UNLAWFUL ACTS, POLICIES, AND PRACTICES OF THE DEFENDANTS. INDEED, I, PLAINTIFF JASON J. HERNANDEZ, HAVE SERVED AS DE FACTO REPRESENTATIVE OF THE

-4-

CLASS BY PRESENTING THE DEMANDS ON BEHALF OF HIMSELF, THE NAMED PLAINTIFFS AND CLASS MEMBERS, AND OTHER SIMILARLY SITUATED PRISONERS HOUSED WITHIN THE POLUNSKY SHU, TO GOVERNOR OF THE STATE OF TEXAS, GREG ABBOTT, IN NOVEMBER 2016. FINALLY, I, THE LEAD PLAINTIFF HAVE FILED A MOTION FOR THE APPOINTMENT OF COUNSEL, AND, HAVE REQUESTED THAT THE COURT CERTIFIES APPOINTED COUNSEL TO SERVE AS CLASS COUNSEL.

12. THIS ACTION IS MAINTAINABLE AS A CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(1) BECAUSE THE NUMBER OF CLASS MEMBERS IS NUMEROUS AND PROSECUTION OF SEPERATE ACTIONS BY INDIVIDUALS CREATE A RISK OF INCONSISTENT AND VARYING ADJUDICATIONS, WHICH IN TURN WOULD ESTABLISH INCOMPATIBLE STANDARDS OF CONDUCT FOR DEFENDANTS. MOREOVER, THE PROSECTUION OF SEPERATE ACTIONS BY INDIVIDUAL MEMBERS IS COSTLY, INEFFICIENT, AND COULD RESULT IN DECISIONS WITH RESPECT TO INDIVIDUAL MEMBERS TO PROTECT THEIR INTERESTS.

13. THIS ACTION IS ALSO MAINTAINABLE AS A CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(2) BECAUSE DEFENDANTs' POLICIES AND PRACTICES THAT FORM THE BASIS OF THIS COMPLAINT ARE GENEREALLY APPLICABLE TO ALL THE CLASS MEMBERS, THEREBY MAKING CLASS-WIDE DECLARATORY AND INJUCTIVE RELIEF APPROPRIATE. COMMON QUESTIONS OF LAW AND FACT CLEARLY PREDOMINATE WITHIN THE MEANING OF RULE 23(b)(2) AS SET FORTH ABOVE. CLASS TREATMENT PROVIDES A FAIR AND EFFICIENT METHOD FOR THE ADJUDICATION OF THE CONTROVERSY HEREIN DESCRIBED, AFFECTING A LARGE NUMBER OF PERSONS, JOINDER OF WHOM IS IMPRACTICABLE. WHEREFORE, PLAINTIFF's, THE NAMED PLAINTIFFs' AND CLASS MEMBERs' MOTION FOR CLASS CERTIFICATION SHOULD BE GRANTED.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 22 DAY OF March, 20 17.

/s/ Jason J. Hernandez
JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

## CERTIFICATE OF SERVICE

PURSUANT TO 28 U.S.C. § 1746, I, JASON J. HERNANDEZ CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING DECLARATION IN SUPPORT OF MOTION FOR CLASS CERTIFICATION IS TRUE AND CORRECT. HE ALSO CERTIFIES THAT HE MAILED A TRUE AND CORRECT COPY TO: DAVID A. O'TOOLE, CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF TEXAS, 104 NORTH THIRD STREET, LUFKIN, TEXAS 75901; AND TO: KEN PAXTON, ATTORNEY GENERAL OF TEXAS, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, P.O. BOX 12548, AUSTIN, TEXAS 78711-2548, BY REGULAR U.S. POSTAL MAIL, POSTAGE PREPAID, ON MARCH 22, 2017.

SIGNED THIS 22 DAY OF March, 20 17.

/s/ Jason J. Hernandez
JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351