FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MAR 30 2017
BY
DEPUTY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

HERNANDEZ ET AL, PLAINTIFFS, §
§
§
V. § CAUSE NO: 9:17cv23
§
§
ABBOTT ET AL, DEFENDANTS. §

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

JASON J. HERNANDEZ STATES:

1. I AM THE DESIGNATED LEAD PLAINTIFF IN THE ABOVE-ENTITLED CAUSE NUMBER. I MAKE THIS DECLARATION IN SUPPORT OF MY MOTION FOR THE APPOINTMENT OF COUNSEL TO REPRESENT HIM, THE NAMED PLAINTIFFS AND CLASS MEMBERS, IN THIS CASE.

2. THE CASE HAS MERIT. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). FEDERAL COURT SUITS TO REFORM PRISON OCNDITIONS ARE TYPICALLY BROUGHT AS CLASS ACTIONS. Hassine v. Jeffes, 846 F.2d 169, 180 (3d Cir. 1988)(CLASS CERTIFICTION "IS AN ESPECIALLY APPROPRIATE VEHICLE FOR ACTIONS SEEKING PRISON REFORM")(CITING Coley v. Clinton, 635 F.2d 1364 (8th Cir. 1980)); Clarkson v. Coughlin, 783 F. Supp. 789, 797 (S.D.N.Y. 1992)(CLASS ACTIONS "GENERALLY TEND TO BE THE NORM" IN PRISON CONDITIONS CASES).

3. IN THE INSTANT CASE, ON MARCH 14, 2017, U.S. MAGISTRATE JUDGE KIETH F. GIBLIN, FOUND:

> A CLASS REPRESENTATIVE MUST BE ABLE TO ADEQUATELY AND FAIRLY REPRESENT THE CLASS. Fed. R. Civ. P. 23(a)(4). IN THE INSTANT CASE THERE IS NOTHING TO INDICATE THAT THE INTERESTS OF THE NAMED PLAINTIFF ARE ADVERSE TO THE INTERESTS OF THE REMAINING CLASS MEMBERS. HOWEVER, AS A PRO SE LITIGANT, IT IS QUESTIONABLE WHETHER THE PROPOSED CLASS

REPRESENTATIVE WOULD ADEQUATELY REPRESENT THE INTERESTS OF THE OTHER CLASS MEMBERS. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 162 (5th Cir. 1995). REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE, AT 4.

PLAINTIFF DOES NOT MEET EACH OF THE REQUIREMENTS NECESSARY FOR CLASS CERTIFICATION SET FORTH IN RULE 23(a). ACCORDINGLY, HIS REQUEST FOR CLASS CERTIFICATION SHOULD BE DENIED. Id. AT 4.

THE MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED. Id. AT 4.

4. CLASS ACTION CASES ARE TOO COMPLEX FOR PRO SE LITIGANTS TO ADEQUATELY REPRESENT THE CLASS, AS SUCH, THIS CASE PRESENTS EXCEPTIONAL CIRCUMSTANCES WARRANTING THE APPOINTMENT OF COUNSEL. Ulmer v. Chencellor, 691 F.2d 209, 212 (5th Cir. 1982).

5. THIS CASE IS A COMPLEX CASE BECAUSE IT CONTAINS SEVERAL DIFFERENT DEFENDANTS. Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997)(FINDING FIRST AMENDMENT RETALIATION CLAIM ALLEGING SUPERVISORY LIABILITY TO BE COMPLEX).

6. WITHOUT COUNSEL, PLAINTIFF WILL HAVE TO INVESTIGATE BY HIMSELF THE PRISON's POLICIES AND EMPLOYEES OF THE VERY PRISON WHERE HE IS INCARCERATED; PLAINTIFF WILL HAVE TO INVESTIGATE BY HIMSELF THE STATE AGENCY's TEXAS DEPARTMENT OF CRIMINAL JUSTICE's POLICIES AND EMPLOYEES/ AND OFFICIALS OF THE VERY STATE-WIDE PRISON SYSTEM WHERE HE IS IN CUSTODY; PLAINTIFF WILL HAVE TO INVESTIGATE BY HIMSELF THE GOVERNOR OF TEXAS AND HIS POLICIES.

7. WITHOUT COUNSEL, PLAINTIFF WILL BE DENIED DISCOVERY ONLY AN ATTORNEY WOULD BE ALLOWED TO REVIEW, PERTAINING TO, BUT NOT LIMITED TO: THE SECURITY THREAT GROUP (STG) OPERATIONS MANUAL; TDCJ ADMINISTRATIVE SEGREGATION OPERATIONS MANUAL; THE SCHEMATICS TO THE SHU AT POLUNSKY, AND SHUs WITHIN TDCJ; TDCJ STATISTICS FOR ALL SHU PRISONERS WHO HAVE ATTEMPTED OR

SUCCEEDED IN COMMITTING SUICIDE, FOR THE PAST 5 YEARS, AND PAST 10 YEARS; TDCJ STATISTICS FOR ALL SHU PRISONERS WHO HAVE BEEN RELEASED TO PRE-RELEASE, 6 MONTHS TO 1 YEAR FROM SERVING THEIR ENTIRE SENTENCES DAY FOR DAY, FOR THE PAST 5 YEARS, AND 10 YEARS; THE TEXAS BOARD OF PARDONS AND PAROLES POLICIES AND REGULATIONS PERTAINING TO SHU PRISONERS AND THE GRANTING OF PAROLE; ALL TDCJ INTERNAL OFFICE COMMUNICATIONS AND MEMORANDUMS PERTAINING TO THE MENTAL AND PSHCHOLOGICAL EFFECTS OF THE SHU ON PRISONERS HOUSED WITHIN THE SHU; TDCJ STATISTICS FOR ALL SHU PRISONERS WHO HAVE COMPLAINED OF EXPERIENCING MENTAL AND PSYCHOLOGICAL PROBLEMS DUE TO SENSORY DEPRIVATION, ISOLATION, INSOMNIA, OR SIMILAR RELATED SYMPTOMS; ALL GOVERNOR OF TEXAS INTERNAL OFFICE COMMUNICATIONS AND MEMORANDUMS PERTAINING TO THE MENTAL AND PSYCHOLOGICAL EFFECTS OF THE SHU ON PRISONERS HOUSED WITHIN TDCJ SHUs; TDCJ STATISTICS FOR ALL SHU PRISONERS RECEIVING THE NEW HEPATITIS C PILL LIVER TREATMENT, IN COMPARISON WITH PRISONERS HOUSED IN THE GENERAL POPULATION, FOR THE PAST 5 TO 10 YEARS.

8. PLAINTIFF WILL HAVE DIFFICULTY INVESTIGATING THE FACTS. THE DEFENDANTS WILL NOT PROVIDE HIM ACCESS TO THE INFORMATION, AND DOCUMENTATION THEY WOULD PROVIDE AN ATTORNEY, SUPRA. Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1104 (9th Cir. 2004)(NOTING THAT THE PLAINTIFF NEVER GOT ACCESS TO RELEVANT REGULATIONS THROUGH DISCOVERY); Montgomery v. Pitchak, 294 F.3d 492, 502 (3d Cir. 2002)(DIRECTING APPOINTMENT OF COUNSEL BECAUSE IMPRISONED PLAINTIFF COULD NOT TAKE NECESSARY DEPOSITIONS AND "ENCOUNTERED MULTIPLE OBSTACLES [IN DISCOVERY], BOTH IN RESISTANCE OF THE DEFENDANTS AND IN THE INTRICACIES OF THE DISCOVERY RULES").

9. CONFLICTING EVIDENCE IMPLICATING THE NEED FOR CROSS-EXAMINATION WILL BE IMPORTANT TO THE CASE. I HAVE NO LEGAL EXPERIENCE OR TRAINING IN CROSS-EXAMINATION. I AM HOUSED IN THE SHU WHERE IS LIMITED ACCESS TO A LAW LIBRARY, AND THE LAW LIBRARY DOES NOT MAINTAIN BOOKS OR STUDY MANUALS WHICH TEACH CROSS-EXAMINATION. I HAVE TROUBLE CONCENTRATING, STUDYING, AND MEMORIZING, DUE TO SLEEP DEPRIVATION, INSOMNIA, AND MIGRANE HEADACHES CAUSED AS A RESULT OF THE CONSTANT LOUD BANGING, SCREAMING OF PRISONERS, AND THE CONSTANT POPPING OPEN OF THE CROSS-OVER DOORS, AND THEIR SLAMMING ALL DAY AND NIGHT WHEN GUARDS COUNT EVERY 30 MINUTES--- AND DUE TO THE GUARDS SHINING LED FLASHLIGHT'S IN OUR FACES WHILE WE TRY TO SLEEP AT NIGHT, MAKING IT IMPOSSIBLE TO GO BACK TO SLEEP. Pruit v. Mote, 503 F.3d 647, 655 (7th Cir. 2007)(En banc)("...[T]HE JUDGE WILL NORMALLY TAKE INTO CONSIDERATION THE PLAINTIFF's LITERACY, COMMUNICATION SKILLS, EDUCATIONAL LEVEL, AND LITIGATION EXPERIENCE...").

10. PLAINTIFF HAS AN 11th GRADE HIGH SCHOOL EDUCATION; A GED CERTIFICATE; COLLEGE VOCATIONAL CERTIFICATES FOR OFFICE OCCUPATIONS, FOR BUSINESS MANAGEMENT, AND INDUSTRIAL SEWING. HE HAS NO LEGAL EDUCATIONAL CERTIFICATES OR TRAINING, AND HE HAS NO TRIAL EXPERIENCE IN DEFENDING OR PROSECUTING A CASE. PLAINTIFF HAS NO LEGAL EDUCATIONAL TRAINING IN WRITING, PREPARING, OR FILING, LEGAL DOCUMENTS IN ANY TYPE OF LEGAL PROCEEDING IN A COURT OF LAW, STATE OR FEDERAL.

11. I WROTE THE FOLLOWING ATTORNEYS REQUESTING THEM TO REVIEW THIS CIVLIL ACTION COMPLAINT, AND REQUESTED THEIR HELP WITH AGREEING TO REPRESENT PLAINTIFFS AND THE CLASS IN THIS CASE:

a) FEB. 10, 2017, MAILED A LETTER TO: TEXAS CIVIL RIGHTS PROJECT-HOUSTON, 2006 WHEELER AVE., HOUSTON, TX 77004;

b) FEB. 20, 2017, MAILED A LETTER TO: ALEXIS AGOTHOCLEOUS, CENTER FOR CONSTITUTIONAL RIGHTS, 666 BROADWAY, 7th FLOOR, NEW YORK, NY 10012;

c) FEB. 20, 2017, MAILED A LETTER TO: LISA GRAYBILL, ACLU OF TEXAS, P.O. BOX 12905, AUSTIN, TX 78711-2905;

d) FEB. 27, 2017, MAILED A LETTER TO: ANNA HANZORT, 2006 WHEELER AVE., HOUSTON, TX 77504;

e) FEB. 28, 2017, MAILED A LETTER TO: JULES LOBEL, UNIVERSITY OF PITSBURGH SCHOOL OF LAW, PITSBURGH, PA 15213;

f) FEB. 28, 2017, MAILED A LETTER TO: TEXAS CIVIL RIGHTS PROJECT-HOUSTON, 2006 WHEELER AVE., HOUSTON, TX 77004;

AS OF THE DATE OF THIS DECLARATION, MARCH 26, 2017, NONE OF THESE LETTERS PLAINTIFF MAILED TO THE ABOVE ATTORNEYS AND ORGANIZATIONS, HAVE BEEN ACKNOWLEDGED OR RESPNDED TO, TO THE PLAINTIFF.

12. SIMPLY BY VIRTUE OF HAVING BEEN CREATED, FEDERAL COURTS ARE VESTED WITH INHERENT POWER TO TAKE ACTION "ESSENTIAL TO THE ADMINISTRATION OF JUSTICE." Michaelson v. United States, 266 U.S. 42, 65-66, 45 S.Ct. 18, 69 L. Ed. 919 (1920). ACCORDINGLY, "[C]OURTS HAVE (AT LEAST IN THE ABSENCE OF LEGISLATION TO THE CONTRARY) INHERENT POWER OF THEIR DUTIES." In re Peterson, 253 U.S. 300, 312, 40 S.Ct. 543, 64 L.Ed. 919 (1920). "ACTION TAKEN BY A FEDERAL COURT IN RELIANCE ON ITS INHERENT POWER MUST SOMEHOW BE INDESPENSIBLE TO REACHING A DISPOSITION OF THE CASE." ITT Cmty. Dev. Corp. v. Barton, 569 F.2d 1351, 1362, n.20 (5th Cir. 1978).

WHEREFORE, THE PLAINTIFF's MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE GRANTED.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE

FOREGOING IS TRUE AND CORRECT.

SIGNED THIS 26 DAY OF March, 20 17.

/s/ Jason J. Hernandez

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

**CERTIFICATE OF SERVICE**

PURSUANT TO 28 U.S.C. § 1746, I CERTIFY UNDER PENALTY OF PERJURY THAT A TRUE AND CORRECT COPY OF THE FOREGOING DECLARATION IN SUPPORT OF MOTION FOR THE APPOINTMENT OF COUNSEL WAS MAILED TO: DAVID A. O'TOOLE, CLERK, U.S. DISTRICT COURT, EASTERN DISTRICT OF TEXAS, LUFKIN, TEXAS 75901; AND TO: KEN PAXTON, ATTORNEY GENERAL OF TEXAS, OFFICE OF ATTORNEY GENERAL OF TEXAS, P.O. BOX 12548, AUSTIN, TEXAS 78711-2548, BY REGULAR MAIL, POSTAGE PREPAID, ON MARCH 26, 2017.

SIGNED THIS 26 DAY OF March, 20 17.

/s/ Jason J. Hernandez

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351

MARCH 26, 2017

DAVID A. O'TOOLE, CLERK OF COURT
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN, TEXAS 75901

RE: Hernandez et at v. Abbott et al, Cause No: 9:17cv23

ENCLOSED PLEASE FIND THE FOLLOWING DOCUMENTS FOR THE ABOVE-ENTITLED CASE:

(1) MOTION FOR THE APPOINTMENT OF COUNSEL; AND

(2) DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL.

PLEASE FILE THESE DOCUMENTS WITH THE COURT. THANK YOU, SIR.

RESPECTFULLY SUBMITTED,

JASON J. HERNANDEZ, PRO SE
1655115
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS 77351