IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JASON J. HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-23 |
| GREGG ABBOTT, *et al.*, | § | |

ORDER

Came on this day consideration of plaintiff's motion for appointment of counsel (docket entry no . 14). As a general rule, a civil rights complainant has no automatic right to the appointment of counsel unless his case presents exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Exceptional circumstances include: (1) the type and complexity of the case; (2) the indigent's inability to adequately present his case; (3) the indigent's inability to adequately investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony as to require skill in the presentation of evidence and in cross-examination. *Id*. at 213. Additionally, the Court should consider the likelihood that appointment will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination." *Murphy v. Kellar*, 950 F.2d 290, 293 n. 14 (5th Cir. 1992).

This suit involves claims under 42 U.S.C. § 1983. The questions of fact are rather routine as far as prisoner litigation goes and the applicable law is well-settled. There is no reason to believe that plaintiff will be unduly hindered in presenting his case without the assistance of counsel as this case does not appear to present complex factual or legal issues.

Plaintiff's motion for appointment of counsel (docket entry no. 14), therefore, should be denied subject to reconsideration if later appointment is deemed necessary.  It is, therefore,

**ORDERED** that plaintiff's motion for appointment of counsel (docket entry no. 14) is **DENIED**.

**SIGNED this the 22nd day of May, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE