IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JASON J. HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO.   9:17-CV-23 |
| GREGG ABBOTT, *et al.*, | § | |

ORDER

Plaintiffs Jason J. Hernandez, Pedro Hernandez, Joshua B. Young, Adam S. Morales, Benito Alonzo, and David Blunt, all inmates at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, filed the above-styled action against defendants Governor Gregg Abbott, Executive Director Brian Collier, Program Supervisor Robert Grant and Senior Warden Tod Harris.

The plaintiffs in this action are proceeding *pro se* without the assistance of counsel. This situation raises concerns regarding the management of the case.

Multiple plaintiffs in prisoner *pro se* matters is not favored because of concerns with court security and the Court's need to control the number of inmates inside the courtroom at any one time. Further, a multiple-party prisoner case is problematic because the litigants are non-lawyers who are proceeding *pro se* without the assistance of learned counsel.

The decision whether to sever or consolidate is discretionary with the court. *See Dillard v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir. 1992) (refusal to consolidate); *cert. denied*, 506 U.S. 1079 (1993); *Hammons v. Adams*, 786 F.2d 1253 (5th Cir. 1986)

(severance); *see also Neal v. Williams*, No. 96-10688, slip op. at 9 (5th Cir. Nov. 20, 1996) (affirming severance of prisoner cases and denial of motion to consolidate).[1]

After reviewing all relevant factors, it is the opinion of the undersigned that the maintenance of this case as a single civil action will be problematic and poses a potential problem for court security. Accordingly, the case should be severed into separate civil actions. It is, therefore,

**ORDERED** that the claims of each plaintiff shall proceed as a separate action. Plaintiff Jason J. Hernandez shall be the only plaintiff in this cause number. The Clerk of Court is **DIRECTED** to **SEVER** the claims of the remaining plaintiffs and assign separate civil action numbers. The resulting cases should be assigned according to the regular practice for allotment of newly-filed civil actions.

**SIGNED this the 22nd day of May, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

---

[1] While *Neal v. Williams* is not binding precedent on the court, the undersigned finds the case persuasive as to the issue presently before the court.